On the trial at Craven, on the last circuit, before his Honor, JudgeSettle, the plaintiffs proved and read in evidence the bill upon which they declared in the following words and figures, to wit:
"$233. Ninety days after date we, jointly and severally, promise to pay Richard Grist, agent of his assignees, or order, two hundred and thirty-three dollars, value received. Negotiable and payable at the Bank of New Berne. Witness our hands and seals, July 23, 1833.
 "ALLEN BACKHOUSE. (Seal) "WM. V. BARROW. (Seal)."
The plaintiffs then produced and read a deed of assignment to themselves of all the effects of Richard Grist, for the benefit of his creditors, which was executed before the date of the bill. There was no endorsement of the bill by the payee. Upon this evidence the jury, under the instruction of his Honor, returned a verdict for the plaintiffs, whereupon they had judgment, and the defendant appealed.
(497) We are of the opinion that the evidence offered by the plaintiffs did not support their declaration, and that the judge misdirected the jury as to the law when he told them that the plaintiffs were entitled to recover. Where a bill was made payable to A, or order, to the use of B, it was held that B had but an equitable right, not a legal interest, and that he could not maintain an action on the bill against the acceptor. Evans v. Cramlington, Carth., 5; 1 Leigh's N. P., 402; Byles on Bills, 84. So in this case, Richard Grist describing himself in the bill as the agent of his assignees did not give them the legal title to the bill.
The counsel for the plaintiffs insist that the defendant cannot now object to this error, because there was no specific exception taken at the trial. The defendant had placed on the record his plea; it was for the plaintiffs to support the affirmative of the issue arising on that plea. The court misdirected the jury as to the law on the trial of the issue, and told them that the evidence offered was sufficient for the plaintiffs. This error appears on the record and for that the judgment must be reversed and a new trial awarded.
PER CURIAM. Judgment reversed.
Cited: S. v. Chirly, 83 N.C. 606; Savage v. Carter, 64 N.C. 197;Burton v. R. R., 84 N.C. 199. *Page 391 
(498)